07 CV 6201

306-07/MEU
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
GOLDEN WAVES SHIPPING CO., INC.
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
Michael E. Unger (MU 0045)
Lawrence J. Kahn (LK 5215)

JUL 0 3 2007
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

GOLDEN WAVES SHIPPING CO., INC.,

                                        Plaintiff,

        -against-

LAND AIR & SEA TRANSPORT LIMITED and HUA
DAO SHIPPING (FAR EAST) LTD.,

                                        Defendants.
-------------------------------------------------------------------x

07 CIV          (    )

**VERIFIED COMPLAINT**

Plaintiff GOLDEN WAVES SHIPPING CO., INC. (hereinafter "Plaintiff" or "GWS"),

by its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against

Defendants LAND AIR & SEA TRANSPORT LIMITED (hereinafter "LAST") and HUA DAO

SHIPPING (FAR EAST) LTD. (hereinafter, "HUA DAO") alleges upon information and belief

as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure in that it involves claim for breaches of maritime charter party

contracts. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to

28 U.S.C. §1333, *et seq.* and / or the Arbitration Act, 9 U.S.C. §1 *et seq.* and / or §201 *et seq.* and

this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

2.      At all times relevant hereto, Plaintiff was and still is a foreign business entity organized and existing under the laws of a foreign country with an address at  c/o Leo Shipping Pvt. Ltd., 1001/1002 10th Floor, Great Eastern Summit "B", Sector 15, DBD Belapur, Navi Mumbai – 400614 India.

3.      At all times relevant hereto, Defendant LAST was and still is a foreign business entity organized and existing under the laws of a foreign country with an address at Suite 2A, Eurolife Building, 1 Coral Road, Gibraltar or alternatively c/o Defendant HUA DAO at Unit 2506, Singga Commercial Centre, 148-151 Connaught Road West, Sheung Wan, Hong Kong, China. .

4.      At all times relevant hereto, Defendant HUA DAO was and still is a foreign business entity organized and existing under the laws of a foreign country with an address at Unit 2506, Singga Commercial Centre, 148-151 Connaught Road West, Sheung Wan, Hong Kong, China.

5.      Upon information and belief, Defendants LAST and HUA DAO are alter egos of one another and share offices, officers, directors, shareholders, employees and/or commingle funds, or that one entity so dominates and controls the others that their separate corporate identities have been lost and that they function as a single entity and should be held accountable for the debts of one another.

6.      Upon information and belief, Defendant LAST is the agent of Defendant HUA DAO and is in the business of handling, sending and receiving the property of Defendant HUA DAO.

7.      Upon information and belief, Defendant HUA DAO is the agent of Defendant LAST and is in the business of handling, sending and receiving the property of Defendant LAST.

8.      Upon information and belief, Defendant HUA DAO is the paying agent of Defendant LAST in that HUA DAO regularly sends and receives funds for and on behalf of Defendant LAST.

9.      Plaintiff GWS, as owner of the M/V PRIORITY, entered into a maritime contract of charter party with Defendant LAST as charterer on an amended New York Produce Exchange Time Charter form dated March 10, 2006.

10.     All correspondence in connection with the charter of the vessel was had with Defendant HUA DAO and all payments made to Plaintiff GWS under the charter were made by Defendant HUA DAO.

11.     Pursuant to the terms of the charter, Defendant LAST hired the vessel for a period of 45-90 days plus/minus 12 days in charterer's option.

12.     At the conclusion of the charter, Plaintiff GWS submitted a final hire statement to Defendant LAST with a balance due to GWS in the sum of $183,845.51.

13.     In breach of the charter, Defendant LAST only paid $106,313.24 leaving a balance due of $77,532.27. Defendant LAST has failed and/or otherwise refused to pay the outstanding balance of $77,532.27 due and owing under the charter.

14.     Pursuant to the charter party terms, the charter period began on March 19, 2006 and ended on June 29, 2006. In breach of the charter party, the vessel was not redelivered by Defendant LAST until August 25, 2006, almost 58 days late.

15.     During the pendency of the charter with Defendant LAST, on June 22, 2006, GWS arranged to subsequently charter the vessel to non-party Sasco Logistics LLC at the rate of $11,500 per day. The charter to Sasco Logistics was to commence between June 25 and July 10, 2006. at the conclusion of the LAST charter.

16.    As a result of the late redelivery of the vessel by Defendant LAST in breach of its charter with Plaintiff, GWS was forced to cancel the charter with Sasco Logistics.

17.    In an effort to mitigate its damages, Plaintiff GWS thereafter chartered the vessel to non-party CPM Corporation Ltd. on August 24, 2006 but at the substantially reduced rate of $8,150 per day.

18.    As a result of the late redelivery by Defendant LAST, Plaintiff GWS sustained further damages in the sum of $187,818.45 (the difference between $11,500 per day under the charter with Sasco Logistics and $8,150 per day under the charter with CPM Corporation Ltd. times 57.502 days, less commission).

19. Plaintiff GWS has or soon will commence arbitration in London against Defendant LAST in which it seeks to recover for the wrongful withholding of hire and the late redelivery of the vessel.  GWS expressly reserves the right to arbitrate the merits of its dispute in London. Plaintiff GWS brings this action in order to obtain security for its claims in London arbitration against Defendant LAST.

20.    Upon information and belief, and after investigation, Defendants LAST and HUA DAO cannot be "found" within this district for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendants have, or will shortly have, assets within this District comprising of, *inter alia*, cash, funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendants (hereinafter, "ASSETS"), including but not limited to "ASSETS" at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

21.     As best as presently can be computed, the total amount sought to be attached

pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by

GWS against LAST and HUA DAO includes:

A.     The wrongfully withheld hire in the amount of $77,532.27;

B.     The damages resulting from the late redelivery of the vessel in the amount of

$187,818.45;

C.     Interest on the above sums in the amount of $39,505.89, calculated at the rate of

7% per annum, compounded quarterly, for a period of two years, (the anticipated date of an

arbitration award), which interest is recoverable under English law;

D.     Legal fees, arbitrator fees and costs that will be incurred by GWS in respect of the

London arbitration with LAST, all of which are recoverable pursuant to English law, and which,

pursuant to the advices of GWS's solicitors, are estimated to be in the sum of $100,000;

**For a total sought to be attached of $404,856.61.**

WHEREFORE, Plaintiff GWS SHIPPING CO., INC. prays:

a.     That process in due form of law according to the practice of this Court in

admiralty and maritime jurisdiction issue against the Defendants, citing them to

appear and answer under oath all and singular the matters alleged, failing which a

default will be taken against it in the principal amount of $265,350.72 plus

interest, costs and attorneys fees;

b.     That since Defendants cannot be found within this District pursuant to

Supplemental Rule B, all tangible or intangible property of the Defendants, up to

and including the sum of **$404,856.61,** be restrained and attached, including but

not limited to any cash, funds, credits, wire transfers, electronic funds transfers,

accounts, letters of credit, debts, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of Defendants (collectively "ASSETS"), including but not limited to such "ASSETS" as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

c.　　That this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and,

d.　　For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
　　　　July 3, 2007

　　　　　　　　　　　　　　　　FREEHILL HOGAN & MAHAR, LLP
　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　GOLDEN WAVES SHIPPING CO., INC.

　　　　　　　　　By:　　_____
　　　　　　　　　　　　　　　　Michael E Unger (MU0045)
　　　　　　　　　　　　　　　　Lawrence J. Kahn (LK5215)
　　　　　　　　　　　　　　　　80 Pine Street
　　　　　　　　　　　　　　　　New York, NY 10005
　　　　　　　　　　　　　　　　(212) 425-1900

## ATTORNEY VERIFICATION

State of New York   )
                    ) ss.:
County of New York  )

Michael E. Unger, being duly sworn, deposes and says:

1.      I am a member of the law firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff in this action.  I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.      The sources of my information and the grounds for my belief are communications from our client and documents provided by our client regarding this claim.

3.      The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within the State of New York.

_____
Michael E. Unger

Sworn to before me this
3rd day of July, 2007

_____
NOTARY PUBLIC

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2010

NYDOCS1/285048.1